Mr. Justice Clayton
delivered the opinion of the court.
This case turns upon the legality of the admission of certain testimony upon the trial. James Trimble, a witness, stated that he had been called on, in his professional character of attorney, by Blanton Crisler to draw a conveyance of his property to Simeon Crisler, who, at the same time, made communications to him, in regard to the object of the conveyance, but that he declined the proffered employment as a conveyancer. . The court *139 permitted the witness to state what these communications were, in order to establish fraud in the transaction.
It is conceded that if Trimble had accepted the retainer, his testimony ought to have been excluded, but as he did not do so> it is insisted it was properly received.
Communications from clients to attorneys are privileged on grounds of public policy, with a view to the safe and pure administration of justice. The protection is not qualified by any reference to proceedings pending or in contemplation; and it extends to a conveyancer, who is consulted to draw deeds. 1 Greenl. Ev. 284; Greenough v. Gaskell, 6 Eng. Ch. Rep. Con. 518.
Difficulties have sometimes arisen in the application of the rale, though the rule itself is very clear. It is not always easy to determine at what time the protection shall be said to have attached. In Cromack v. Heathcote, 2 Brod. & Bing. 4, application was made to an attorney to draw an assignment, which was afterwards impeached for fraud. The attorney refused to draw it. It was afterwards attempted to prove the fact of fraud by him, but the evidence was rejected, on the ground that it was a confidential communication. The court of common pleas held the rejection to be proper. Dallas, Ch. J. says: “ Here is a client who goes to give instructions touching a deed, and the communication must be deemed confidential, as between attorney and client, though the attorney happens to refuse the employment.” 6 Eng. C. Law Rep. 1. Again at Nisi Prius, in the case of Doe dem. Shellard v. Harris, 5 Carr. & Payne, 592; 24 Eng. Com. Law Rep. 468. Parke J. says : “I am of opinion that the privilege applies to all cases, where the client applies to the attorney in a professional capacity: and an application to draw a deed is, I think, of that description.”
These cases state the rule very explicitly, but there are others which hold a different doctrine, and there is great want of harmony both in the English and American decisions. 2 Phil. Ev. 278 notes. In the case of Wilson v. Rastall, 4 T. R. 753, in which an attorney was compelled to testify, Buller, J. said, “ the witness neither was nor could have been attorney; because *140 he was at that time acting as under sheriff. He was consulted as a confidential person, and because he was more conversant with business than persons not attorneys, but he declined to be employed.”
In Cuts v. Pickering, 1 Vent. 197, the testimony was admitted, because the communication was made before the attorney was addressed in his professional character. 1 Phil. Evid. 145, 146.
Greenleaf and Story both say in general terms, following Lord Brougham in Greenough v. Gaskell, 1 My. & K. 104, 6 Eng. Con. Ch. Rep. 518, that the communication is not privileged, where it was made before the attorney was employed as such. 1 Greenl. Ev. 291; Story, Eq. Pl. 578.
But the privilege is founded upon a great public policy. It is adopted out of regard to the interests of justice, and from the necessity of free and unrestrained intercourse between counsel and client. It is better, in our judgment, to adhere to the rule, in a broad and liberal sense, than to weaken its force by exceptions. Matters which come to the knowledge of the attorney, or which are committed to him in his professional capacity alone, ought not to have the seal of secrecy removed, because he may not agree to undertake the cause. It may often happen, that the attorney does not decline the case, until its weakness has been unfolded to him.
We think the testimony was improperly admitted, and therefore reverse the judgment, and award a new trial.
Judgment reversed.